Strafford, }
Dec. 4, 1923. }

### STATE *v.* JULES MELANSON.

A motor vehicle, containing a specially constructed compartment in which intoxicating liquors are illegally possessed and transported, is not subject to forfeiture under Laws 1919, *c.* 99, *s.* 6; whether such compartment is a "case or container" within the meaning of Laws 1919, *c.* 99, *s.* 10, is not considered.

LIBEL, for the forfeiture of a motor vehicle under Laws 1917, *c.* 147, *ss.* 34 and 57, as amended by Laws 1919, *c.* 99, *ss.* 6 [34] and 10 [57]. The driver of the car had been found guilty under *c.* 99, *s.* 4 [20], of illegal possession and of illegal transportation of intoxicating liquor found concealed in a specially constructed compartment in the vehicle.    Transferred by *Branch*, J., on the state's exception to the court's ruling that the state was not entitled to a forfeiture of the motor vehicle.

*Burt R. Cooper*, solicitor (by brief and orally), for the state.

*George Grimes* (of Massachusetts), for the defendant.

Snow, J. The question raised by the state's exception is answered by the conclusion reached in *State* v. *Nadeau, post,* 183. The question whether the specially constructed compartment, as distinguished from the vehicle, was a cask, bottle, case or container within the meaning of *s.* 10 [57], is not presented and has not been considered.

*Exception overruled.*

Young, J., dissented: the others concurred.